■ In the Matter of ROBERT F. FLAHERTY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 1973. An automobile salesman for approximately 20 years, claimant worked for the employer involved in this dispute for over two years as a used car salesman prior to his discharge on May 25, 1972. The Unemployment Insurance Appeal Board reversed an earlier referee's decision and disqualified claimant from receiving benefits because he voluntarily left his employment without good cause by provoking his discharge and charged him with recoverable overpayment of benefits. Claimant's separation from employment came about because of his participation in the sale of a used automobile to a minor. The board specifically found that claimant had inserted the purchaser's age as 22 years on a financing agreement, which he thereafter transmitted to a financing institution, although the customer had exhibited to him documentation disclosing his true age as 19 years. This crucial finding is without substantial evidentiary support. A letter from the

employer to the claimant alleges only that he completed a vehicular registration application which contained the infant's correct age, but this letter is the only item in the entire record which even remotely relates to the different factual statements arrived at by the board and, in any event, such an unsworn averment could hardly, of itself, buttress its ultimate conclusion that claimant had violated his employer's rules and thereby prompted his own discharge. Furthermore, the board apparently did not find it necessary to consider whether claimant would have been discharged if the transaction involved had not been later voided. Since a remand is necessitated, we do not presently decide whether claimant made willfully false statements to obtain benefits, but suggest that the board make such further findings as may be necessary to intelligibly review that matter should claimant again be determined ineligible to receive such benefits. Finally, on remand, this case should be considered in light of the recent decision of the Court of Appeals in *Matter of James* (*Levine*) (34 N Y 2d 491) to ascertain whether claimant's actions amounted to such a degree of neglect or misconduct as to justify his discharge. Decision reversed, and matter remitted for further proceedings consistent herewith, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.